FILED
2008 DEC -2 PM 3: 26
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FORTUNE PRODUCTS, INC.<br>    Plaintiff,<br><br>v.<br><br>MAGNUS, INC.<br>    Defendant<br><br>―――――――――――――――――<br><br>MAGNUS, INC.<br>    Counter-Plaintiff,<br><br>v.<br><br>FORTUNE PRODUCTS, INC.<br>    Counter Defendant. | CIVIL ACTION NO. A-08-CA-044-LY<br><br><br><br><br><br><br><br><br>JUDGE JAMES R. NOWLIN |

## AGREED FINAL JUDGMENT

This matter having come before the Court on a Joint Motion from the parties for Entry of an Agreed Judgment, and good cause having been shown, the Court finds and Defendant Magnus, Inc. finds and acknowledges the following:

1. Plaintiff, Fortune Products, Inc. ("Fortune") has sold over eight million Accusharp® sharpeners over the past twenty-five years.

2. Defendant, Magnus, Inc. ("Magnus") has sold the Accusharp sharpener for over ten years. Magnus has sold over ten thousand Accusharp sharpeners to retailers and consumers.

3. Magnus has imported 10,000 Magnus Allsharp sharpeners. As of this final Judgment, there were 2,052 Magnus Allsharp sharpeners in Magnus' inventory in

Great Bend, Kansas; 6,483 Magnus Allsharp sharpeners had been sold; and Magnus has been informed that there are 600 Magnus Allsharp sharpeners in inventory at a manufacturing facility in China. The rest of the Magnus Allsharp sharpeners that have been imported have either been given away for promotional purposes, or used in Magnus' manufacturing process.

4. The consumers of sharpeners and the public generally, who have encountered the Accusharp sharpener and the packaged Accusharp sharpener, recognize the Accusharp sharpener by its shape and packaging, as a sharpener that comes from a particular manufacturer. In addition, many that have seen the Accusharp and noticed the distinctive shape of the Accusharp sharpener believe that the Accusharp sharpener, its packaging, and/or the combination thereof comes from a particular manufacturer and thus, a similar sharpener, and/or a similarly packaged sharpener sold by another would create a likelihood of confusion in the minds of the public as to the source of the similar sharpener product. Further, many purchasers and potential purchasers know that the particular manufacturer is Fortune Products, Inc. In view of the foregoing, upon seeing the Accusharp sharpener, the consuming public has come to believe that the Accusharp sharpener comes from a particular manufacturer and thus, a similar sharpener, and/or a similarly packaged sharpener sold by another would create a likelihood of confusion in the minds of the public as to source of the similar sharpener product.

5. The overall look and feel of the Accusharp product is distinctive and has acquired secondary meaning because the Accusharp sharpener is recognized by many as coming from a particular source.

6. The head portion, the tail portion, and the guard of the Accusharp sharpener are largely exposed and distinctly viewable when a user is gripping the Accusharp sharpener and sharpening a blade. The head portion can be considered the portion of the Accusharp sharpener that holds the cutters and has a distinctive parallelogram or

orthogonal shape with distinctive radiuses. The head is also oriented at a distinctive angle in relationship to the body/handle/grip (approximately 105 degrees). The tail portion that is separated from the head by that grip, also has a distinctive shape and distinctive radiuses, has a distinctive recess and a corner and has a distinctive small hole as an attach point. The guard is attached to the head and the tail in a distinctive location and manner. The head, the tail, and guard have been clearly visible in most Accusharp sharpener advertisements for over twenty years, and the head and the tail of the Accusharp sharpener all have distinct dimensions, including distinctive thicknesses, sizes and shapes, and the guard has a distinct placement, attach points, thickness and a distinctive radius in relation to the body of the sharpener and attaches to the head and the tail in a distinctive manner at distinctive attach points and the public generally recognizes one or more of these features and associates these one or more features with a particular manufacturer, many knowing that the particular manufacturer is Fortune Products, Inc.

7. The Accusharp is a draw-type sharpener. The Accusharp is available in white, olive drab, and camouflage. In addition, the Accusharp is available with black and blue guards. Such colors have been utilized by Fortune Products, Inc., for many years, and are distinctive as applied to draw-type sharpeners, and when seeing an Accusharp sharpener with these distinct colors, the public associates a draw type sharpener with these distinctive colors with a particular manufacturer.

8. The Accusharp trademark is distinctive, incontestable, and in the eyes of the public, associated with a particular manufacturer.

9. Most features of the Accusharp sharpener, including the dimensions, color, size, shape, radiuses, of openings, holes and radiuses, the head and tail generally, the attach points of the guard, the attach method of the guard and the radius of the guard are primarily non-functional. To that end, a sharpener having virtually the same functionality as the Accusharp sharpener could be made, sold, and utilized without copying the primarily non-functional features mentioned above. Alternately stated, a sharpener with the same or substantially the same functionality as the Accusharp

sharpener could be manufactured such that this substantially functionally "equivalent" sharpener looks distinctively different from the Accusharp sharpener. A draw type sharpener having the same or substantially the same functionality as the Accusharp sharpener could be manufactured to look distinctively different from the Accusharp sharpener without sacrificing any significant or noticeable functionality.

The Court further finds that the parties have entered into a Compromise Settlement Agreement and Release, for $10.00 and other valuable consideration, which includes specific terms and obligations of the parties with respect to this case. Said release is confidential and shall not be filed in this case except upon leave of court for good cause shown.

**IT IS THEREFORE ORDERED** that the parties Joint Motion for Entry of and Agreed Final Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff take nothing as against Defendant either as for any cause of action alleged against Defendant or which could have been alleged against Defendant.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant take nothing as against Plaintiff either for any cause of action alleged against Plaintiff or which could have been alleged herein against Plaintiff.

**IT IS FURTHER ORDERED** that all parties shall be responsible for their own attorneys' fees and expenses and that any claim for recovery of attorneys' fees and/or expenses and/or any claim for further relief not expressly granted is hereby **DENIED**.

**IT IS FURTHER ORDERED** that all taxable court costs herein shall be and are taxed against the party incurring same.

**IT IS FINALLY IT IS ORDERED** that this action is hereby **CLOSED**.

Signed and entered this 2nd day of December 2008

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE